Antonio Ruisi  
vs.  } Law No. 1271  
Russell G. Duguid  

July 27, 1927

SUMNER, J. Plaintiff has brought suit against the defendant to recover damages for the failure of the defendant to carry out the terms of a contract relative to financing the sale of an automobile and procuring insurance thereon. The jury returned a verdict for the plaintiff for $165 and defendant has filed his motion for a new trial.

The plaintiff entered into an agreement with the defendant under which the plaintiff was to purchase an automobile from the defendant and the defendant in turn was to finance an unpaid balance of $125 which was due to the defendant under the terms of the sale. The defendant further agreed to carry insurance on the newly purchased automobile for a period of one year. The defendant approached the representative of one company and asked him to finance the transaction. Within a few days the company declined so to do and then the defendant, as he testified, proceeded to finance it himself but failed to take out any insurance. There is a disagreement between the plaintiff and the defendant as to what happened when the financing company declined to act. The defendant says that he notified the plaintiff of the fact and also he (the plaintiff) would have to take out insurance himself. The plaintiff denied that he was so notified and said that he was in complete ignorance of the failure of the defendant to secure a financing company until after the fire. During the period of a year and before the automobile had been fully paid for, it caught fire and was seriously injured, and plaintiff brought suit to recover damages which he suffered by reason of the failure of the defendant to carry insurance which would protect the plaintiff.

The damages were shown and the jury assessed them in the amount of $165 and the Court thinks that the jury were justified in sustaining the claim of the plaintiff. The defendant acted in an unbusiness like way even on his own admission. He had the plaintiff sign papers which were turned over to the financing company and which the defendant never got back when the financing company declined to act, and neglecting to have the plaintiff sign new papers or notes, he proceeded to collect under the apparent claim that he had notes which the plaintiff had signed for the financing company. He claimed that he financed the transaction himself but produced no books to substantiate that claim. It is difficult to understand why he did not take out insurance in order to protect his own claim for the unpaid balance, but he evidently took the risk of losing that. It does not appear that he approached more than one financing company or that he made any effort to secure any insurance.

The defendant's attorney claimed in his argument that it was not clearly shown for what amount the car was to be insured and, consequently, what the premiums under the policy would be. At any rate, it was the duty of the defendant under the contract to secure a financing company if it were possible and to obtain insurance for an amount as near the value of the car as he could, and if he was unable to obtain a financing company or to obtain insurance on the car, he should

have promptly notified the plaintiff of that fact.

The amount of the verdict was considerably less than the sale value of the car, which was either $375 or $400, the plaintiff and defendant differing as to the amount.

The Court believes that the jury were justified in their verdict and accordingly denies the defendant's motion for a new trial.

For plaintiff: M. Walter Flynn.

For defendant: John Ferguson.